IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00489-REB-MEH

ELLIS DANIEL BASTIAN,

Plaintiff,

v.

JOSEPH FORTUNATO, M.D.,
BRIAN WEBSTER, Physician Assistant,
JOHN STOCK, Physician Assistant,
KATHY RITTENHOUSE, Physician Assistant,
CATHY HOLST, ADA Inmate Coordinator, and
ANN COOPER, Prison Operations,

Defendants.

---

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**

---

By an Order entered March 10, 2008 (docket #2), Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(2), Plaintiff is required to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

Plaintiff has failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments since the inception of this lawsuit,

which includes the months of February, March, April, May and June 2008. Therefore, Plaintiff will be ordered either to make the required monthly payments or to show cause why he cannot.

It is not acceptable for Plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003). If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis* entered March 10, 2008.

Therefore, IT IS ORDERED that by **August 15, 2008**, Plaintiff shall either make the required monthly payments for February, March, April, May and June 2008, or show cause why he cannot. Furthermore, in order to verify that the appropriate amount is being paid, the Plaintiff must file a certified copy of his trust fund account statement for each month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter, Plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust

fund account statement for the month demonstrating that he is not required pursuant to 28 U.S.C.

§ 1915(b)(2) to make a monthly payment.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this order, the complaint

and this civil action may be dismissed without further notice.

DATED: July 16, 2008.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge